```
             IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

KAREN LEWIS,                    §
                                §
         Petitioner,            §
                                §
VS.                             §   NO. 4:03-CR-201-A
                                §   (NO. 4:05-CV-793-A)
UNITED STATES OF AMERICA,       §
                                §
         Respondent.            §
```

## MEMORANDUM OPINION
### and
### ORDER

Came on to be considered the motion of Karen Lewis ("Lewis" or "petitioner") under 28 U.S.C. § 2255 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Having reviewed the motion, the record, and applicable authorities, the court concludes that the motion should be denied.

### I.

### Background

On July 8, 2003, Lewis was charged, in a one-count indictment, with money laundering in violation of 18 U.S.C. § 1956(a)(3).  On October 7, 2003, a jury found her guilty.  The probation officer calculated Lewis's guideline-imprisonment range to be 121 to 151 months.  On January 9, 2004, this court sentenced Lewis to a term of imprisonment substantially below that range, namely 78 months.  On appeal, the United States Court of Appeals for the Fifth Circuit affirmed.  See United States v. Lewis, 108 Fed. Appx. 983 (5th Cir. 2004).  Subsequently, the Supreme Court granted Lewis's petition for writ of certiorari, vacated the judgment of the Fifth Circuit, and remanded the case

to the Fifth Circuit for further consideration in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). On remand, the Fifth Circuit reinstated its original judgment affirming Lewis's conviction and sentence. <u>United States v. Lewis</u>, 412 F.3d 614 (5th Cir. 2005).

II.

Grounds of Motion

Lewis asserts six grounds for relief. Four of these are premised on ineffective assistance of counsel and specifically include allegations that counsel purportedly failed: (1) to object to the constitutionality of the mandatory sentencing guidelines; (2) to make proper objections to the pre-sentence report; (3) to offer the polygraph examinations for sentencing purposes; and (4) to file a motion under section 5K2.0 of the United States Sentencing Commission, <u>Guidelines Manual</u>, for downward departure due to Lewis's suffering from terminal Lupus. As to the fifth and six grounds for relief, Lewis further urges that (5) she should have been sentenced under the discretionary sentencing established by <u>Booker</u> and that (6) she was denied her Sixth Amendment right to have the jury determine the facts necessary for finding the existence of a $500,000.00 money-laundering transaction that, in turn, resulted in the enhancement of her sentence. <u>See</u> Pet'r's Mem. in Support of Pet. for Writ of Habeas Corpus at 5-7.

III.

Standard of Review

2

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant can challenge her conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.  Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); Sunal v. Large, 332 U.S. 174, 178 (1947).  Here, Lewis has not made any showing of cause.[1]

### IV.

### Ineffective Assistance of Counsel

Because four of Lewis's grounds for relief allege

---

[1] Although constitutionally ineffective assistance of counsel is "cause," McCleskey v. Zant, 499 U.S. 467, 494 (1991), as discussed infra, petitioner has failed to demonstrate that she received such ineffective assistance.

3

ineffective assistance of counsel, the court addresses those first.  In order to prevail on an ineffective assistance of counsel ground, petitioner must show (1) that her counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for her counsel's unprofessional errors, the result of the proceedings would have been different.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 697.  To establish the first prong, petitioner must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance.  Id. at 689.  It is not enough to show that some, or even most, defense lawyers would have handled the case differently.  Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir. 1989), cert. denied, 493 U.S. 831 (1989).  For the second prong, petitioner must show that her counsel's errors were so serious as to deprive her of a fair trial, a trial whose result is reliable.  Strickland, 466 U.S. at 687.  If the petitioner cannot show that the ineffectiveness of counsel deprived her of a substantive or procedural right to which the law entitles her, she must show that the result of the proceeding was fundamentally unfair or unreliable.  Williams v. Taylor, 529 U.S. 362, 392-93 (2000).

A.   Constitutionality of Mandatory Sentencing Guidelines

Assuming, without deciding, that Lewis's counsel failed to object to the constitutionality of the mandatory sentencing

4

guidelines,[2] the court concurs with the government that whether counsel's performance was unreasonable in this regard is based upon the law as it existed at the time of trial. See, e.g., Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998) (citations omitted). The Supreme Court's opinions of Blakely v. Washington, 542 U.S. 296 (2004) and Booker, 543 U.S. 220, upon which petitioner heavily relies, were both decided well after Lewis was sentenced by this court. Moreover, even assuming there was error in this regard, Lewis has failed to make the requisite showing of a reasonable probability that, but for such error, the result of the proceedings would have been different. See Strickland, 466 U.S. at 687.

B.  Objections to Pre-Sentence Report

The court likewise finds no merit in Lewis's contention that her counsel failed to make proper objections to the pre-sentence report. The sole complaint in this regard appears to be counsel's purported failure to object, under Apprendi v. New Jersey, 530 U.S. 466 (2000) or Ring v. Arizona, 536 U.S. 584 (2002), to the court, as opposed to the jury, finding that Lewis was a participant in a money-laundering transaction involving $500,000.00 or more.[3] See Pet'r's Mem. in Support of Pet. for

---

[2] Notably, the government has submitted some evidence that Lewis's counsel did make such objections. See Resp't's App. in Supp. of Resp. at 8-9.

[3] According to the government, Lewis also urges that her counsel should have objected based on her minimal role in the offense. See Resp't's Resp. in Opp'n to Mot. under § 2255 at 5-6. After a thorough review of Lewis's motion and brief in support, the court is unconvinced that Lewis makes this argument. In the event, however,

5

Writ of Habeas Corpus at 19-29.  This assertion lacks merit.

In <u>Apprendi</u>, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. <u>Apprendi</u>, 530 U.S. at 474-497.  The Supreme Court applied <u>Apprendi</u> in <u>Ring</u> to hold that defendants are entitled to a jury determination of factors increasing their maximum punishment from life to death.  <u>Ring</u>, 536 U.S. at 609.  Here, the court sentenced Lewis to a term far below the statutory maximum.  At the time of Lewis's sentencing, the law of the Fifth Circuit was that neither <u>Apprendi</u> nor <u>Ring</u> applied under these circumstances.  <u>See</u> <u>United States v. Floyd</u>, 343 F.3d 363, 372 (5th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1054 (2004); <u>United States v. Cantu</u>, 61 Fed. Appx. 917, <u>cert. denied</u>, 540 U.S. 861 (2003).  Consequently, the court cannot see how Lewis's counsel was unreasonable in failing to make an arguably baseless objection under <u>Apprendi</u> or <u>Ring</u>.  <u>See</u> <u>Clark v. Collins</u>, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.")  Further, Lewis has not shown a reasonable probability that the court would have sustained such an objection.  Indeed, the court very likely would have overruled any such objection in light of the existing Fifth-Circuit

---

that she does, Lewis has failed to show that the outcome would have been different had her counsel made such an objection.  The court, on its own motion, found that Lewis was a minimal participant and reduced her total offense level on that basis.  <u>See</u> Sentencing Tr. at 29-30.

6

precedent.

C.  Polygraph Examinations

Lewis's criticism of her counsel's failure to offer the results of polygraph examinations for sentencing purposes is equally without merit.  The court had already determined during the trial phase that this evidence had no probative value and was to be excluded.[4]  Moreover, the only authority Lewis offers on this point is United States v. Posado, 57 F.3d 428, 434 (5th Cir. 1995), which, in turn, merely holds that polygraph examinations are no longer per se inadmissible.  Consequently, Posado is hardly authority for rendering a counsel's choice not to offer polygraph examinations unreasonable, perhaps especially when the court had already ruled that such evidence was inadmissible.

D.  Motion for Downward Departure

Lewis's complaint regarding her counsel's purported failure to file a motion for downward departure based upon Lewis's illness is perplexing.  Her counsel did file such a motion. Though the motion was untimely, the court nonetheless considered it and Lewis's counsel argued it at the sentencing hearing in some detail.  See Sentencing Tr. at 16, and 21-23.

V.

Remaining Grounds Based on *Booker* and the Sixth Amendment

Finally, Lewis urges that she should have been sentenced under the discretionary sentencing mandated by Booker and that

---

[4] Notably, the court's holding in this regard was upheld on appeal.  See United States v. Lewis, 108 Fed. Appx. 983 (5th Cir. 2004).

7

her Sixth-Amendment rights were violated when the court, and not the jury, determined the facts supporting the enhancement of her sentence based on a $500,000.00 money-laundering transaction. Both of these remaining grounds are, in essence, an assertion that Booker requires the court to vacate, set aside or correct Lewis's sentence.  The Fifth Circuit has, however, already decided this issue adverse to Lewis: "Accordingly, we conclude that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case."  See United States v. Lewis, 412 F.3d 614, 616 (5th Cir. 2005).  Section 2255 is simply not a vehicle for bringing a "second direct appeal" as Lewis attempts to do here.  See United States v. McCollom, 664 F.2d 56, 59 (5th Cir. 1981), cert. denied, 456 U.S. 934 (1982).

## IV.

### Order

    For the reasons discussed herein,

    The court ORDERS that petitioner's motion to vacate, set aside or correct sentence be, and is hereby, denied.

    SIGNED March 9, 2006.

                                   /s/ John McBryde
                                   JOHN McBRYDE
                                   United States District Judge